Andrew D. Campbell, OSB #022647
andrew@heltzel.com
Heltzel Williams, P.C.
P.O. Box 1048
Salem, OR 97308
Telephone: (503) 585-4422
Fax:       (503) 540-6534

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Hannah Langager, <br><br> Plaintiff, <br><br> vs. <br><br> Unknown law enforcement officers of the Albany Police Department, an agency of the City of Albany, a municipality of the State of Oregon; unknown law enforcement officers of the Linn County Sheriff's Office, an agency of Linn County, an Oregon County; City of Albany, a municipality of the State of Oregon, Linn County, an Oregon county; the State of Oregon, <br><br> Defendants. | Case No. 6:17-cv-01080:AA <br><br> **MOTION TO DISMISS** <br><br> **FRCP Rule 12(b)(6)** |

COME NOW DEFENDANTS, unknown law enforcement officers of the Albany

Police Department ("Albany John Does"); unknown law enforcement officers of the Linn

County Sheriff's Office ("Linn County John Does"); the City of Albany, and; Linn

1 – MOTION TO DISMISS
W:\clients\CI16661\007\00266817.DOCX

County, and respectfully move this Court for an order dismissing the Complaint in this matter.

## L.R. 7-1 CERTIFICATION

The undersigned hereby certifies that he has conferred in good faith with counsel for plaintiff and that the parties are unable to agree about the merits of this motion.

## MOTION

All defendants, except for the State of Oregon, respectfully move this Court for its Order dismissing this case under Fed. R. Civ. Pro. 12(b)(6).

## LEGAL STANDARD

On a motion to dismiss, the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Am. Family Ass'n ., Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir.2002). However, the court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. The complaint

must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## ARGUMENT

### a. For the City of Albany and Linn County, the Complaint lacks *Monell* accusations.

Plaintiff brings a single claim surrounding the alleged unlawful search and seizure of her car pursuant to 42 U.S.C. § 1983. It is well settled that only "persons" are subject to suit under §1983. *See, Will v. Michigan Dept. of State Pol.,* 491 U.S. 58 (1989) (explaining that only a "person" is liable under § 1983). Under certain circumstances, articulated in *Monell v. Dep't. of Social Services,* 436 U.S. 658 (1978), local governments like cities and counties can qualify as "persons" for § 1983 purposes.

However, municipalities (and counties) are not liable under § 1983 for the acts or omissions of their employees, even if they violate the constitution, via the traditional *respondeat superior* doctrine. *Hunter v. County of Sacramento,* 652 F.2d 1225, 1232 (9th Cir. 2011).

> Instead, municipal liability for an alleged constitutional violation by an employee is allowed only "when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker."

*Emmert v. Clackamas County,* 2017 WL1946310, *2, (D. Or. May 9, 2017) (*slip opinion); citing, Thomas v. County of Riverside,* 763 F.3d 1167, 1170 (9th Cir. 2014), *amended,* 776 F.3d 1020 (9th Cir. 2015).

In the case at bar, the complaint fails to allege that the officers acted pursuant to a widespread custom, official policy, or as final policymakers. The complaint does not

3 – MOTION TO DISMISS
W:\clients\CI16661\007\00266817.DOCX

allege that the officers were final policymakers, nor does it allege that they acted pursuant to an official policy. Even if the Court were to read into the Complaint an allegation that the officers acted pursuant to an unofficial custom, the facts presented cannot support liability. Indeed, the complaint alleges one, single, isolated event. A complaint attempting to hold a city liable for an unofficial custom but only alleging a stand-alone event will not survive a Rule 12 motion. *See, Hunter,* 652 F.3d at 1233 ("liability for improper custom may not be predicated on isolated or sporadic incidents..."); *see also, Davis v. City of Ellensburg,* 896 F.2d 1230, 1233 (9th Cir. 1989) (*Monell* liability cannot be pleaded with "a single incident of unconstitutional action by a non-policymaking employee...") The fact that multiple municipal employees were allegedly involved in the single incident does not change the result. *Emmert v. Clackamas County,* 03:13-cv-01317-YY (D. Or. January 12, 2017), at 16.

In short, without alleging that the officers were final policymakers, and without alleging that they acted pursuant to an existing policy or unofficial custom (that is widespread and recurrent), Plaintiff has failed to allege a § 1983 case under *Monell*. Defendants note that, should Plaintiff elect to file an amended complaint, simply reciting that an unofficial custom or formal policy existed will be insufficient. *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 637 (2012). Instead, Plaintiff must plead sufficient <u>facts</u> establishing the widespread custom or the official policy. *Id.*

In addition, should Plaintiff respond to this motion with the assertion that she can save the complaint via amendment, she must do more than posit such; instead she must actually "present such amendment to the trial court in \*\*\* opposition to the motion to

dismiss…" *HT Litigation Trust v. Jesse Rae Booth,* 303 Fed.Appx. 502, *1 (9th Cir. 2008).

### b. The allegations against John Doe defendants are inadequate.

Using "John Doe" or other fictitious names for defendants is disfavored by federal courts. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980); *Ouma v. Clackamas County,* 2013 WL1834662, at *2 (Dist. Or. 2013). While "John Doe" parties are disfavored, courts sometimes allow plaintiffs to wade into discovery against "John Doe" defendants with an eye toward identifying the John Does as quickly as possible. *Id.* However, this permissive approach to John Doe pleading is not required when "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

In this case, even if Plaintiff discovered the names of the officers, the pleading deficiencies identified above are insurmountable. That is, Plaintiff has failed to plead any applicable *Monell* claims. Moreover, the complaint does not allege whether the John Does are sued in their official or individual capacity. Failure to identify what capacity a defendant is named in, is critical to a § 1983 complaint. *Colvin v. McDougall,* 62 F.3d 1316, 1317 (11th Cir. 1995).

### CONCLUSION

The Complaint fails to state a claim for which relief could be granted. This is the case for the City of Albany and Linn County because the Complaint does not plead

*Monell* claims. As to the officers, the Complaint fails to plead *Monell* facts and fails to identify whether the officers are named in their official or individual capacity.

Dated this 21st day of July, 2017.

                        HELTZEL WILLIAMS PC

                        s/Andrew D. Campbell
                        Andrew D. Campbell, OSB 022647
                        PO Box 1048
                        Salem, OR 97308
                        Telephone: (503) 585-4422
                        Fax: (503) 378-4302
                        andrew@heltzel.com
                        Attorney for  Albany Police Department
                                        City of Albany
                                        Linn County
                                        Linn County Sheriff's Department